IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-610-JLK

SANDRA STEINFIELD and
PAUL STEINFIELD,

       Plaintiffs,

v.

EmPG INT'L, LLC,
JOHN DOES (1-10), fictitiously named presently unidentified individuals, and
ABC CORPORATIONS (1-10), fictitiously named presently unidentified business
entities d/b/a ExperiencePlus! Bicycle Tours,

       Defendants.

_____

ORDER re DEFENDANT EmPG INTERNATIONAL'S MOTION
TO DISMISS (Doc. 7)
_____

KANE, J.

       This diversity jurisdiction personal injury action arose after Plaintiff Sandra Steinfield fell off her bicycle and was injured during a bicycle tour vacation in Costa Rica gone awry. Steinfield and her husband, Paul, originally filed suit against bicycle tour company EmPG International ("EmPG") in Pennsylvania, where they reside, but the case was transferred here after the Pennsylvania District Court agreed it lacked personal jurisdiction over Colorado-based EmPG.

       Together, the Steinfields assert 15[1] causes of action against EmPG and various

---

[1] Plaintiffs' list of claims I - XVI skips claim XI, asserting only 15, rather than 16, claims for relief.

Costa Rica-based agents and John-Doe collaborators that have yet to be identified, but who operate as ExperiencPlus! Bicycle Tours.  Many of the claims are duplicative and conclusory, but reduce to three essential categories: Negligence claims (13 of them) asserted against EmPG and its as-yet unidentified Costa Rican agents and agent-employees (Claims I-X and XIV-XVI); contract-based claims for violations of Pennsylvania's consumer-protection act and for breach of contract/negligent misrepresentation/fraud (Claims XII-XIV); and miscellaneous claims including a claim by Mr. Steinfield for loss of consortium (Claim XV).  The matter is before me now on a Motion to Dismiss (Doc. 7), filed on behalf of EmPG, "d/b/a Experience Plus! Bicycle Tours."

    The EmPG Motion urges the dismissal of  all claims, arguing they all arise out of the parties' contractual relationship, which in turn is limited both by executed assumption of risk and waiver of liability forms and by the economic loss doctrine.  EmPG also challenges various of Plaintiffs' claims as insufficient under *Iqbal* and *Twombly* pleading standards to state colorable claims for relief .  There is merit to many of EmPG's various legal arguments, but because I reject its fundamental assertion that the executed waiver of liability forms bar the Steinfields' claims in toto, I decline to address them piecemeal.  Instead, this case will be allowed to proceed to discovery, with the warning that Plaintiffs' multiple and overlapping theories of relief will be winnowed down quickly, either by me in response to inevitable further motion(s) practice, or, ideally, by Plaintiffs themselves in a further amended Complaint.  Plaintiffs' fraud and negligent misrepresentation claims,

for example, are entirely duplicative of their breach of contract claim, which, in turn, seeks the same personal injury damages and compensation that forms the basis for each of Plaintiffs' 13 negligence claims. Plaintiffs are of course entitled to plead causes of action arising out of the same set of operative facts in the alternative, but will only be able to recover damages once for the same injuries and loss.

### *Discussion*.

This case involves the question of the extent of an executed waiver and release of liability and the elements of assumption of risk. A waiver implicitly or explicitly is grounded on warranties of fitness, and assumption of risk can only take place when the risk is inherent and clearly foreseeable. The Complaint in this case abounds with allegations of misrepresentations and abandonment of good faith attempts to fulfill the obligations of the contract. The Motion to Dismiss is, therefore, denied.

The waiver of liability on which EmPG relies is two-fold. First, the Steinfields in booking the Costa Rica bicycle trip signed separate forms stating that they had "full understanding that bicycling and other tour activities involve risks and hazards that may involve injury and/or death," and that each agreed "to assume full responsibility for myself . . . and for the bicycle(s) which is/are assigned to me, except when said bicycle(s) is/are in the care of ExperiencePlus! Bicycle Tours." Second, EmPG points to the Terms and Conditions of its website, which Plaintiffs, "in signing the[se] forms . . . acknowledged they were aware of":

> **RESPONSIBILITY:** The payment of the deposit or full payment for a

> reservation on a tour shall constitute consent to all provisions listed under "Terms & Conditions" herein.  These provisions are hereby incorporated by reference in this RESPONSIBILITY notice, and participants are advised to take notice.  ExperiencePlus! Bicycle Tours is the principal tour operator for these tours and is responsible to the participants for all arrangements and for all tour services and accommodations offered.  ExperiencePlus!, its agents, servants and employees shall not be responsible for personal injuries or property damage, loss or delay, or change of itinerary incurred by any person or tour participant arising out of the act of negligence of any direct or supplemental carrier, hotel, or other person rendering any of these services, or accommodations being offered in these tours; nor shall ExperiencePlus! Bicycle Tours be responsible for any injuries, death, damage, loss or delay in any means of transportation or by reasons of any event beyond the actual control of ExperiencePlus! Bicycle Tours or of any agent or supplier, or due to force majeure.  Tour participants follow the suggested itinerary at their own risk and agree not to hold ExperiencePlus! Bicycle Tours responsible for injury or death resulting from accidents.  Bicycles provided for use during these tours are in satisfactory operating condition and participants agree to use them at their own risk or call deficiencies to the immediate attention of the head tour leader.  Instruction in the use of bicycles will not be provided and participants affirm that they are familiar with the use of a multi-speed bicycle.  Bicycle tour participants are required to wear a helmet while cycling.  The tour operator reserves the right to substitute hotels, restaurants, routes or other services listed in the itinerary with comparable services if necessary.  The right is also reserved to decline to accept or retain any person as a member of a trip due to circumstances beyond the control of ExperiencePlus! Bicycle Tours.  Activities involved in active travel and the tours described in our catalogs and on our web site are physically demanding, strenuous and potentially dangerous.  By reserving space on a tour, tour participants acknowledge that they are in suitable physical and mental condition to perform the activities described herein.  At the discretion of employees of ExperiencePlus! Bicycle Tours, participants failing to meet these physical and mental requirements, or participants deemed harmful or disruptive to other participants' enjoyment of the tour, may be asked to leave the tour, with no refund applicable.

Mot. Dismiss (Doc. 7-1)(quoting from Ex. H).

As an initial matter, and for purposes of this Motion, I find Colorado to have the

most significant relationship to Plaintiff's claims and that Colorado law applies. *See U.S. Aviation Underwriters, Inc. v. Pilatus Business Aircraft, Ltd.*, 582 F.3d 1131, 1143-44 (10th Cir. 2009)(under § 145 of the Restatement (Second) of Conflict of Laws, law to be applied is the "law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties"). This action has already been transferred from Plaintiffs' home state of Pennsylvania to Colorado for reasons that include several of § 145's choice of law factors, *see id.*, and Defendant EmPG, d/b/a ExperiencePlus! Bicycle Tours, is headquartered here. Final resolution of the choice of law question is not necessary at this stage of the proceedings, because, as Plaintiffs concede, there is little meaningful distinction between Colorado and Pennsylvania law on the issues raised in EmPG's Motion.

Contractual waiver of liability clauses are recognized under Colorado law, but are construed narrowly and "closely scrutinized" to make sure that the agreement was fairly entered into and that the intention of the parties is expressed in clear and unambiguous language. *Jones v. Dressel*, 623 P.2d 370, 376 (Colo. 1981). Only agreements insulating a party from simple negligence may be recognized, and in no event will an exculpatory agreement provide a shield against a claim for willful and wanton negligence. *Id.* Moreover, even agreements purporting to insulate a party for simple negligence are "disfavored," but they are "not necessarily void as against public policy" in Colorado as long as one party is not "at such obvious disadvantage in bargaining power that the effect of the contract is to put him at the mercy of the other's negligence." *See Heil Valley*

*Ranch v. Simkin*, 784 P.2d 781, 784 (Colo. 1989).

The waivers at issue in this case are neither clear or unambiguous, and even if they were, the Steinfields were at such an obvious disadvantage in bargaining power vis á vis the EmPG, that the effect of the waiver was to put them "at the mercy" not only of EmPG/ExperiencePlus! as the tour organizer, but of the negligence of any number of entities and individuals in Costa Rica with whom EmPG contracted to perform services on its behalf.

As an initial matter, the signed "waivers" did not contain the words "waiver" or "negligence" at all, and did not purport to "release" anyone or any entity of liability. Instead, they framed the purported "waiver" in terms of the customer's understanding that "bicycling and other tour activities involve risks and hazards," and that the customer "assumed full responsibility for myself and for any minors who accompany me on this tour, and for the bicycle(s) which is/are assigned to me."

The website language, moreover, does not make clear at all that the Steinfields were releasing EmPG/ExperiencePlus! from its own negligence, providing that the company would not be responsible for personal injuries "arising out of the act of negligence *of any direct or supplemental carrier, hotel or other person* rendering any of the[] services or accommodations being offered in these tours," or "any injuries, death, damage, loss or delay in any means of transportation or by reasons of any event *beyond the actual control of ExperiencePlus! Bicycle Tours* or of any agent or supplier." (Emphasis mine.)  This language, in fact, implies that ExperiencePlus! could be held

responsible for injuries that *were not* "beyond its actual control," i.e., the hiring, outfitting, and delegation decisions it made and that the Steinfields claim were the proximate cause of Mrs. Steinfield's injuries.

The waiver-recognizing cases on which EmPG relies are easily distinguishable. Both *Chadwick v. Colt Ross Outfitters, Inc.*, 100 P.3d 465 (Colo. 2004) and *Hamill v. Cheley Colo. Camps, Inc.*, 262 P.3d 945 (Colo. App. 2011) were cases involving the recreational riding of a horse (*Hamill*) or mule (*Chadwick*), in which the plaintiff or otherwise responsible party executed a waiver containing the warnings expressly approved by the Colorado State Legislature for limit civil liability in Colo. Rev. Stat. § 13-21-119 (in recognition of the "economic and personal benefits" the state gains from the provision of equine and llama activities, limiting the civil liability of equine and llama activity providers for injuries resulting from the "inherent risks" of such activities). Being thrown from a mule or falling from a horse with a loose saddle fell within risks deemed "inherent" in equine activities, and the courts in *Chadwick* and *Hamill* construed the relevant waivers as limiting the provider's liability for simple negligence.  Colorado's equine activities liability limitation scheme does not, however, limit liability for an entity providing equipment or tack that it "knows or should have known" was faulty; or one that fails to make reasonable or prudent efforts to determine a participant's ability; fails to warn of a dangerous latent condition of land or facilities on which a participant sustains injuries; or commits an act that constitutes willful or wanton disregard for the safety of the participant. § 13-21-119(4)(b).  The Steinfields' allegations in the instant case are

7

sufficient to withstand dismissal under a § 13-21-119 theory of limited liability for any number of reasons, not the least of which is the provision of a bicycle to Mrs. Steinfield with faulty brakes or an allegedly wanton disregard for her ability or safety in having her pedal alone in a strange town down steep streets and curves.

While it may be that facts learned in discovery or adduced by a preponderance of the evidence at trial may support the limitation of liability EmPG asserts, EmPG is not entitled to such a determination at the pleading stage as a matter of law.  Accordingly, the Motion to Dismiss (Doc. 7) is DENIED.  The parties are directed to CONFER and to call in jointly to chambers to set this matter for a scheduling conference.

Dated this 4th day of August, 2015.

                                              **s/John L. Kane**
                                              SENIOR U.S. DISTRICT JUDGE